IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. [3] NOLAN E. CONNELLY, Defendant. | CRIM. NO.: 14-452(JAG/SCC) |

**REPORT AND RECOMMENDATION**

On December 18, 2014, I held, on the referral of the presiding district judge, a hearing to determine whether Defendant Nolan E. Connelly's attorney, Wilfredo Ríos-Méndez, should be allowed to withdraw from his representation of Connelly. I recommend that the motion be granted.

On July 23, 2014, Connelly, a Guyanese national, was indicted for attempting to import drugs into the United States by boat. Connelly says that he is a fisherman by trade and that a boat that he was on was interdicted by the United States

UNITED STATES v. CONNELLY                                                Page 2

Coast Guard. Connelly claims that he is innocent and that he was unaware that there were drugs hidden on board the vessel. The root of the conflict between Connelly and Atty. Ríos is that Connelly believes that Ríos has failed to vigorously work to prove Connelly's innocence. Most notably, Connelly faults Atty. Ríos for not filing a motion on what Connelly claims is a major jurisdictional fault in the Government's case against him—that the document by which the Guyanese government ceded jurisdiction to the United States is a forgery, and that Guyana actually asked the Coast Guard to escort Connelly and his co-defendants to Guyana. Connelly, given his forceful protestations of innocence, was also offended when Atty. Ríos brought him a plea offer from the Government. Finally, Connelly has demanded the originals of the discovery material rather than copies.

During the lengthy hearing, I gave Connelly a full opportunity to explain himself and his issues with his counsel. In turn, I explained to Connelly the legal process, the Government's burden, and his counsel's duties, which include the duty to bring him a plea offer even if Connelly believes himself innocent. Atty. Ríos, moreover, stated on the record that he feels offended at the way Connelly has treated him, and he said

that even if the Court required him to stay, he did not think he would be able to offer Connelly effective representation.

As I explained to Connelly, I believe that his objections to the manner in which Atty. Ríos has represented him are based on mistakes about the way that the American legal system functions—mistakes that I did my best to correct. Nonetheless, it appears that their relationship is so broken, and hostility is so high, that it would be impossible for Atty. Ríos's representation of Connelly to continue. As such, I must recommend that new counsel be appointed for Connelly. The Government asked that the Speedy Trial Act be tolled while this matter is being considered, and I granted that request.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 8th day of January, 2015.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| UNITED STATES v. CONNELLY | Page 4 |